Swie Lan ONG; Roby Irawan,
Petitioners

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 09–1116.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 17, 2010.

Opinion Filed: March 17, 2010.

Joseph C. Hohenstein, Esq., Orlow, Kaplan & Hohenstein, Philadelphia, PA, for Petitioners.

Thomas W. Hussey, Esq., Virginia M. Lum, Esq. Andrew J. Oliveira, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Swie Lan Ong and her husband, Roby Irawan (collectively, "petitioners"), seek review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

I.

Petitioners are natives and citizens of Indonesia of Chinese ethnicity. Ong, the lead petitioner, is a Catholic; Irawan is a Protestant. Petitioners arrived in the United States separately in 2003 on non-immigrant visas and overstayed. They conceded removability before the Immi-

gration Judge ("IJ"), and sought asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and, alternatively, voluntary departure. Ong claims that she suffered persecution in the form of frequent unwanted touching and verbal abuse in public due to her ethnicity. The worst incident, according to Ong, occurred on a public bus, when native Indonesians who had just left a football match boarded the bus and groped Ong and another woman of Chinese ethnicity. Irawan claims that he suffered persecution on one occasion when he was physically and verbally abused by native Indonesians after being involved in a motorbike collision.

The IJ denied asylum and withholding of removal, concluding that the harm suffered by petitioners does not rise to the level of past persecution, and that petitioners failed to show that they will be persecuted in the future if returned to Indonesia. The IJ also denied CAT relief, but granted voluntary departure.

On appeal to the BIA, petitioners challenged the denial of withholding of removal, conceding in their brief to the BIA that "they are only eligible for relief under withholding of removal." A.R. at 181. On December 17, 2008, the BIA dismissed the appeal. The BIA noted that petitioners appealed as to withholding only, and it concluded that, while Ong's reported sexual harassment is "reprehensible," petitioners failed to show that they were persecuted in the absence of any showing of a threat to their life or freedom. Like the IJ, the BIA entered a voluntary departure order.

Petitioners timely filed a petition for review in this Court from the BIA's December 17, 2008, decision. They also filed a motion with the BIA to reopen and reconsider the asylum and withholding of removal claims, arguing that the BIA erred in failing to find past persecution, that country conditions have deteriorated, and that they have evidence to show a pattern or practice of persecution against ethnic Chinese Christians in Indonesia.[1] The BIA denied the motion to reopen and reconsider on June 29, 2009.[2] Petitioners have not filed a petition for review from this latter BIA decision.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's December 17, 2008, final order of removal. However, as respondent correctly notes, this Court lacks jurisdiction to review the subsequent decision denying the motion to reopen and reconsider because petitioners did not file a petition for review from that decision. *See Stone v. INS*, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Petitioners suggest that this Court should review the motion to reopen and reconsider because, they contend, their actual removal from the United States "mooted" the motion, and thus they should be permitted to raise arguments from that motion to this Court in the first instance. Opening Br. at 2. We reject this attempt to manufacture jurisdiction over the motion to reopen and reconsider.

When an alien seeks to introduce new evidence after entry of a final order of

---

1. Petitioners attached three documents as "new" or "additional" evidence to support the motion to reopen: (1) "Consolidated Report of the Republic of Indonesia on the Implementation of the International Convention on the Elimination of all Forms of Racial Discrimination"; (2) an "Alternative Report on ICERD" prepared by Indonesia NGOs;

and (3) selections from a transcript of testimony by Dr. Jeffrey Winters dated April 28, 2008, given in a different immigration matter.

2. Although not reflected in the record before this Court, respondent notes (and petitioners do not dispute) that the BIA denied the motion to reopen and reconsider.

removal, the proper course, which petitioners at least initially followed here, "is to file a motion to reopen with the BIA on account of new evidence." *Al–Fara v. Gonzales*, 404 F.3d 733, 743 (3d Cir.2005). If petitioners wanted to obtain judicial review of the decision denying that motion, the next step in the process was to file a petition for review in this Court. *See id.* Because they did not file a petition for review, we do not have jurisdiction to review the motion to reopen and reconsider. *See Camara v. Att'y Gen.*, 580 F.3d 196, 201 n. 10 (3d Cir.2009).[3]

■ There is another jurisdictional issue to consider. Petitioners seek review in this Court of the denial of both their asylum and withholding of removal claims.[4] Respondent argues that this Court lacks jurisdiction to review the asylum claims because petitioners failed to exhaust administrative remedies. We agree. The record reflects that petitioners abandoned all but their withholding of removal claims on administrative appeal inasmuch as they expressly conceded in their brief to the BIA that "they are only eligible for relief under withholding of removal." A.R. at 181. Consequently, because they did not exhaust review in the BIA before seeking judicial review, we lack jurisdiction over the asylum claims. *See* 8 U.S.C. § 1252(d)(1); *Lin v. Att'y Gen.*, 543 F.3d 114, 120 (3d Cir.2008); *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir.2005).[5]

We turn to the merits of petitioners' withholding of removal claims. We review the BIA's denial of withholding of removal, which was based on its finding of an absence of past persecution, for substantial evidence, and as such we ask only whether the BIA's finding is " 'supported by reasonable, substantial, and probative evidence on the record considered as a

---

3. Petitioners also suggest that the arguments raised in their motion to reopen and reconsider can be considered by this Court because their motion "is part of the current Administrative Record." Opening Br. at 2. This Court, however, "shall decide the petition [for review] only on the administrative record *on which the order of removal is based.*" 8 U.S.C. § 1252(b)(4)(A) (emphasis added). Petitioners' motion to reopen and reconsider was not part of the record considered by the BIA in issuing the order of removal. Thus, while that motion is physically part of the current administrative record, it is not properly considered on this petition for review.

4. Petitioners do not seek review of their CAT claims.

5. Petitioners concede that they did not assert the asylum claims in their brief to the BIA, but they argue that they exhausted administrative remedies by referencing those claims in their notice of appeal to the BIA. Opening Br. at 5; Reply Br. at 2–4. We have held that "our case law does not foreclose judicial review of an issue that was sufficiently raised in a notice of appeal to the BIA, but never argued in the brief subsequently submitted to the agency." *Hoxha v. Holder*, 559 F.3d 157, 161 (3d Cir.2009); *see also Bhiski v. Ashcroft*, 373 F.3d 363, 367–68 (3d Cir.2004) ("[I]f the issue is not complex, no brief is required as long as the notice of appeal does precisely what it is intended to do—place the BIA on notice of what is at issue."). *Hoxha* and *Bhiski*, however, are of no help to petitioners. Even assuming that petitioners adequately advised the BIA through their notice of appeal that they wished to raise the asylum claims, they subsequently filed a brief with the BIA, and in that brief, their counsel expressly conceded that withholding of removal provided the only potential avenue for relief. The BIA apparently took note of petitioners' concession, as it found that they "only appealed the issue of withholding of removal," and thus limited its analysis to that issue. A.R. at 174. Unlike *Hoxha*, therefore, this is not a case where petitioner presented an issue in the notice of appeal but simply failed to argue that issue at the briefing stage; rather, petitioners here effectively told the BIA at the briefing stage not to review claims other than withholding of removal. On these facts, we agree with respondent that petitioners failed to exhaust the asylum claims, and thus this Court lacks jurisdiction over those claims.

whole.'" *Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir.2005) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). "[W]e may decline to uphold the BIA's findings only if the evidence compels a contrary conclusion." *Ahmed v. Ashcroft*, 341 F.3d 214, 216 (3d Cir.2003).

To qualify for withholding, petitioners had to show that it is more likely than not that they will face persecution if returned to Indonesia. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). A successful showing of past persecution would entitle petitioners to a rebuttable presumption of future persecution. *See* 8 C.F.R. § 208.16(b)(1)(i).

■ Our review of the record reveals no error in the BIA's analysis. Ong's claim for withholding is based on a history of unwanted touching and verbal abuse, and she relies in particular upon an incident on a public bus when she was groped because of her ethnicity. The BIA no doubt was correct to label the treatment that Ong experienced "reprehensible," but it does not rise to the level of persecution. *See, e.g., Jarbough v. Att'y Gen.*, 483 F.3d 184, 191 (3d Cir.2007) (observing that "[a]busive treatment and harassment, while always deplorable, may not rise to the level of persecution"); *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir.1993) (explaining that persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive"). The record simply does not compel the conclu-

sion that Ong's experiences were so severe as to constitute persecution. The same is clearly the case with respect to Irawan, as well.[6]

Petitioners contend that the BIA erred by failing to account for the mental suffering that Ong experienced, and they argue that because Ong claims to have suffered harassment "daily," her cumulative experiences amount to persecution. Opening Br. at 15–16. The BIA was correct, however, that the hallmarks of persecution are "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin*, 12 F.3d at 1240. Ong's experiences do not compel a conclusion that she faced such a threat to life or freedom. *See id.* (explaining that persecution does not include "all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional").

Finally, petitioners argue that they are entitled to withholding of removal because they can show a "pattern or practice" of discrimination against ethnic Chinese Christians in Indonesia.[7] However, petitioners seeks to establish this claim based solely upon the evidence that they submitted in support of their motion to reopen and reconsider. *See* note 1, *supra.* As we have explained, *see* note 3, *supra,* petitioners cannot rely upon evidence outside of the administrative record to make their arguments in this Court. Because their pattern or practice argument relies entirely upon evidence that is not before this Court, *see* Opening Brief at 17–24, Reply

---

**6.** While the BIA did misstate the record when it suggested that Irawan did not testify at the hearing before the IJ, *see* A.R. at 174 n. 1, petitioners have not shown that this oversight affected the BIA's analysis or resulted in any prejudice to petitioners. Indeed, petitioners' arguments focus almost exclusively upon Ong's claim.

**7.** Respondent argues that the pattern or practice claim is unexhausted, but we disagree. Petitioners argued withholding of removal in their brief to the BIA, including a pattern or practice argument. *See* A.R. at 184–85. They also set forth a pattern or practice argument in their notice of appeal to the BIA. *Id.* at 229.

Br. at 5–8, that argument is not properly considered on this petition for review.

### III.

For the foregoing reasons, we will deny the petition for review.